UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CYNTHIA ONEIDA LEBRON,

                Plaintiff,

        -against-                               ORDER

CAROLYN W. COLVIN, ACTING           14-CV-5921 (CS)(LMS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------x

Seibel, J.

        Before the Court are: 1) Defendant's objections, (Doc. 18 ("Obj.")), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith, (Doc. 17 ("R&R")), recommending that Plaintiff's motion for judgment on the pleadings be granted and Defendant's motion for judgment on the pleadings be denied; and 2) Plaintiff's response to Defendant's objections, (Doc. 19).

        A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350,

352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[W]hen a party makes only conclusory or general objections, or simply reiterates the original arguments made" below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ. of the Tri-Velley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

The Court presumes the reader's familiarity with the record, the prior proceedings and the standards governing judicial review of decisions of the Commissioner of Social Security.

Defendant objects only to Magistrate Judge Smith's conclusion that the Administrative Law Judge ("ALJ") erred in using Rule 204.000 of the Medical-Vocation Guidelines, commonly known as "the grid," in concluding that Plaintiff was not disabled, and therefore not obtaining the testimony of a vocational expert, in connection with "step 5," which requires the Commissioner to show that the claimant is capable of working. Judge Smith found that the grid is never applicable when the claimant, like Plaintiff here, suffers from only non-exertional limitations, and that in such circumstances a vocational expert is required. (R&R at 51-52.) This conclusion is erroneous in light of *Selian v. Astrue*, 708 F.3d 409, 422 (2d Cir. 2013), and *Zabala v. Astrue*, 595 F.3d 402, 411 (2d Cir. 2010). The *Zabala* Court stated:

> If a claimant has nonexertional limitations that significantly limit
> the range of work permitted by his exertional limitations, the ALJ
> is required to consult with a vocational expert. However, the mere
> existence of a nonexertional impairment does not automatically . . .
> preclude reliance on the guidelines. A nonexertional impairment
> significantly limits a claimant's range of work when it causes an
> additional loss of work capacity beyond a negligible one or, in
> other words, one that so narrows a claimant's possible range of
> work as to deprive him of a meaningful employment opportunity.

595 F.3d at 410-11 (internal quotations marks, citations and alteration omitted). Thus, a vocational expert is not required unless the claimant's nonexertional limits result in a non-negligible loss of work capacity. In *Zabala*,

> [t]he ALJ found that Petitioner's mental condition did not limit her
> ability to perform unskilled work, including carrying out simple
> instructions, dealing with work changes, and responding to
> supervision. Thus, her nonexertional limitations did not result in
> an additional loss of work capacity, and the ALJ's use of the
> Medical–Vocational Guidelines was permissible.

*Id.* at 411. Likewise here, the ALJ found that Plaintiff "has the mental residual functional capacity to perform unskilled, simple tasks," (Doc. 8-2 at 30), and "is able to" "understand, carry out and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting on a sustained basis." (*Id.*)[1] Thus, as in *Zabala*, her limitations did not result in an additional loss of work capacity; the use of the grid was permissible; and a vocational expert was not required.[2]

---

[1] Plaintiff does not raise objections to Magistrate Judge Smith's conclusion that the ALJ's determination in this regard was supported by substantial evidence.

[2] While the Magistrate Judge and some district courts have held that use of the grids is inappropriate, and a vocational expert is required, where the impairments are solely non-exertional, *see* R&R at 51-52 & n.48 (collecting cases), the impairments in *Zabala* were solely non-exertional, and the Court squarely rejected the plaintiff's argument "that her limitations were nonexertional and the Medical–Vocational Guidelines may only be used to evaluate exertional

3

Similarly, in *Selian* the Court acknowledged that "the ALJ cannot rely on the Grids if a non-exertional impairment has any more than a negligible impact on a claimant's ability to perform the full range of work, and instead must obtain the testimony of a vocational expert," 708 F.3d at 421, but found that the claimant's mental illness had only a negligible impact where the ALJ had found "that [the claimant] could perform the basic mental demands of unskilled work, such as following simple instructions, and responding appropriately to supervisors and coworkers in usual work situations," *id*. at 422 (internal quotation marks omitted). The similar finding here compels the same result.

The ALJ acknowledged that Plaintiff's ability to work was "compromised by nonexertional, mental/cognitive limitations," but that "th[o]se limitations have little or no effect on the occupational base of unskilled work." (Doc. 8-2 at 31-32.) "Because the ALJ found that Plaintiff's non-exertional limitations had little or no effect on the occupational base of unskilled work, the ALJ properly relied on Rule 204.00 of the Medical-Vocational Guidelines as a framework in finding Plaintiff not disabled." *Andrews v. Comm'r of Soc. Sec.*, No. 16-CV-6867, 2017 WL 6398716, at *13 (S.D.N.Y. Oct. 24, 2017), *report and recommendation adopted*, 2017 WL 6398727 (S.D.N.Y. Dec. 13, 2017).

Plaintiff does not address these cases, but argues instead that Plaintiff's "severely limited ability to read and write would impact the occupational base such that vocational expert testimony is warranted." (Doc. 19 at 1.)[3] But the ALJ acknowledged Plaintiff's poor academic skills in concluding she was capable only of unskilled work, specifically noting her poor grade

limitations," *Zabala*, 595 F.3d at 410.

[3]Plaintiff notes a school report from 1999 that put her reading at a second grade level.

equivalence in reading and math, her negligible academic skills, and her learning disabilities. (*See* Doc. 8-2 at 27-31.) Although he mentioned her completion of tenth grade, he plainly did so as part of his obligation under 20 C.F.R. § 404.1520(a)(4)(v) to "consider . . . [her] residual functional capacity and [her] age, education, and work experience to see if [she] can . . . work"; he did not, as Plaintiff implies, assume that because she had completed the tenth grade, she was a good reader. To the contrary, 20 C.F.R. § 404.1564(b)(2) states that formal schooling at a sixth-grade level or less suggests the ability to do only simple, unskilled jobs – and the ALJ concluded that Plaintiff was indeed limited to only such tasks. (Doc. 8-2 at 30.)

I have reviewed the portions of the R&R as to which no objection has been raised, and find no clear error. Thus, I adopt as the decision of the Court all of the R&R except Part III.B.4, regarding the Step 5 analysis. Because the ALJ did not apply the wrong legal standards in using the grids and in not obtaining a vocational expert, and because his decision is supported by substantial evidence, Plaintiff's motion for judgment on the pleadings is – essentially for the reasons stated by the Government – DENIED and Defendant's motion for judgment on the pleadings is – essentially for the same reasons – GRANTED.

The Clerk of Court is respectfully directed to terminate the pending motions. (Docs. 12, 14), enter judgment for Defendant, and close the case.

Dated: July 18, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

5